SHEPPARD & MYERS, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3629–76R.   Filed October 6, 1976.

---

*Ernest L. Nagy* and *Andrew M. Wolov,* for the petitioner.
*Byron J. Furseth,* for the respondent.

OPINION

WILES, *Judge:* Petitioner adopted a pension plan in 1970. On March 5, 1971, the District Director, Internal Revenue Service, Philadelphia, Pa., issued a favorable determination letter with respect to the initial qualification of the plan. The plan has not been amended since initial qualification. Upon audit, for the year ended December 31, 1972, respondent concluded that the plan, in its operation, failed to meet the requirements of section 401(a).[1] On January 29, 1976, respondent mailed a notice of his determination that the plan failed to meet the requirements of section 401(a) to petitioner. On April 28, 1976, petitioner filed a petition for declaratory judgment pursuant to section 7476. Respondent thereafter filed a motion to dismiss for lack of jurisdiction.

Section 7476(a) states that:

* * * In a case of actual controversy involving—

(1) a determination by the Secretary or his delegate with respect to the initial qualification or *continuing qualification of a retirement plan* under subchapter D of chapter 1, * * *

* * *

upon the filing of an appropriate pleading, the United States Tax Court may make a declaration with respect to such initial qualification or continuing qualification. Any such declaration shall have the force and effect of a decision of the Tax Court and shall be reviewable as such. [Emphasis added.]

Respondent contends that section 7476(a) provides for declaratory judgment jurisdiction in a case involving a determination with respect to the "continuing qualification of a retirement plan" only with respect to the effect of an amendment on a previously qualified plan or the effect of termination on the

---

[1] Statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.

continued qualification of a previously qualified plan. The determination in the case before us is with respect to the continuing qualification of a plan but the plan has not been amended since initial qualification and there is no indication that it is to be terminated. Therefore respondent submits that we should grant his motion to dismiss for lack of jurisdiction. To support his theory, respondent offers citations from the legislative history.

Petitioner contends that the statute is clear on its face and that we cannot resort to the legislative history if a statute is unambiguous.

Clearly petitioner is wrong when it says that the statute is unambiguous. We are unable to tell from the face of the statute whether "continuing qualification of a retirement plan" involves a situation where there has been an amendment to a plan, a situation where there has been no amendment but merely revocation of initial qualification, or both of these situations. Accordingly, we may look to the legislative history to solve the ambiguity.

H. Rept. No. 93–807 (1974), 1974–3 C.B. (Supp.) 236, accompanied H.R. 12855. H. Rept. No. 93–807 contains pertinent legislative history.

H. Rept. No. 93–807 states the following, 1974–3 C.B. (Supp.) at 241:

11. Tax Court Procedure.—Provision is made in the bill for the appeal from the determination of the Internal Revenue Service as to the *initial qualification* of pension plans or *the effects of* amendments proposed to pension plans. This is to be dealt with by a declaratory judgment procedure in the U. S. Tax Court. [Emphasis added.]

No mention is made of petitioner's situation, in which there has been no amendment since initial qualification but merely revocation after initial qualification.

H. Rept. No. 93–807, 1974–3 C.B. (Supp.) at 343, is even clearer:

The Tax Court is to have jurisdiction to make a declaration with respect to the initial or continuing qualification of * * * an employee retirement plan *only* with respect to a *new plan, a plan amendment, or a plan termination.* * * * [Emphasis added.]

In light of Congressional intent, clearly stated above, this Court does not have jurisdiction where there has been no amendment to a plan or a plan termination but merely

revocation of qualification after initial qualification. Since this is petitioner's situation, we must grant respondent's motion to dismiss for lack of jurisdiction.

*An appropriate order will be issued.*