JAMES E. THOMPSON, JR., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE AND BOARD OF TRUSTEES OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, RESPONDENTS

Docket No. 8723–77R.     Filed October 12, 1978.

James E. Thompson, Jr., pro se.
*Genelle F. Schlichting,* for the respondents.

OPINION

Simpson, *Judge:* On October 17, 1977, the Commissioner filed a motion to dismiss for lack of jurisdiction this action by an employee for a declaratory judgment with respect to an employee pension plan. The issues presented by such motion are: (1) Whether the petitioner failed to exhaust his administrative remedies as required by section 7476(b)(3) of the Internal Revenue Code of 1954;[1] (2) whether this Court has jurisdiction to pass on alleged operational defects in a pension plan when the Commissioner has determined, in a determination letter, that the form of the plan meets the requirements of section 401; and (3) whether there is an actual controversy between the petitioner and the respondents within the meaning of section 7476(a).

Central Pension Fund of the International Union of Operating Engineers and Participating Employers (Central) is a multiemployer pension plan established September 7, 1960. Such plan was amended effective January 30, 1976. The trustees of Central communicated the plan amendments to all employees by a newsletter dated May 26, 1976, and by a memorandum dated May 28, 1976.

In June 1976, the trustees of Central filed an Application for Determination for Collectively Bargained Plan, requesting an administrative determination by the Commissioner that the pension plan, as amended on January 30, 1976, was qualified under the provisions of section 401(a) and that the trust was exempt from taxation under section 501(a). After extended discussions, the Commissioner suggested certain modifications of the plan, and on March 24, 1977, the trustees submitted several proposed amendments.

On June 23, 1976, the petitioner filed a comment letter with the Internal Revenue Service. Such letter raised four specific matters regarding the Central pension plan: (1) "Individual

---

[1] All statutory references are to the Internal Revenue Code of 1954, as applicable in this case.

Contributions have been allowed in the past contrary to the Trust and Plan, and are still being allowed, contrary to The Amended Trust Plan and Code of the Internal Revenue Service," (2) "The Plan Trust has no qualms about filing a false report with the Labor Department or Internal Revenue Service," (3) "The Plan is discriminatory by allowing some the option to take cash payments in lieu of having payments made into the Trust Fund," and (4) "Payments [to the plan] on the total hours worked vary from employer to employer." Subsequently, the Department of Labor, Pension and Welfare Benefit Program, received various comment letters and requested from the IRS all relevant documents comprising the application for determination. Such information was furnished to the Department of Labor by the IRS on April 20, 1977.

On May 25, 1977, the Commissioner notified the trustees of Central that its plan, as amended effective January 30, 1976, was qualified, provided it adopted the additional amendments proposed on March 24, 1977, within the time provided by the regulations under section 401(b). On the same date, the Commissioner mailed a notice to the petitioner's designated representative informing him that a favorable final determination letter had been issued to Central and that he had 90 days from the date such letter was mailed to petition the Tax Court for a declaratory judgment regarding such determination. On August 15, 1977, the petitioner filed his petition for a declaratory judgment in this case.

Section 7476(a) provides in part:

(a) CREATION OF REMEDY.—In a case of actual controversy involving—
(1) a determination by the Secretary with respect to the initial qualification or continuing qualification of a retirement plan under subchapter D of chapter 1, * * *

\*      \*      \*      \*      \*      \*      \*

upon the filing of an appropriate pleading, the Tax Court may make a declaration with respect to such initial qualification or continuing qualification. * * *

Section 7476(b) expressly places five limitations or conditions on the exercise of the jurisdiction generally conferred by section 7476(a). See *Prince Corp. v. Commissioner*, 67 T.C. 318, 322–324 (1976); see generally H. Rept. 93–807 (1974), 1974–3 C.B. (Supp.)

236, 241, 340–345; S. Rept. 93–383 (1973), 1974–3 C.B. (Supp.) 80, 191–195); Conf. Rept. 93–1280 (1974), 1974–3 C.B. 415, 492–493.[2] Section 7476(b)(1) describes the persons who may invoke such jurisdiction as "the employer, the plan administrator, an employee who has qualified under regulations prescribed by the Secretary as an interested party for purposes of pursuing administrative remedies within the Internal Revenue Service, or the Pension Benefit Guaranty Corporation." Sec. 1.7476–1, Income Tax Regs. Section 7476(b)(2) authorizes the Court to hold a pleading premature if it is not satisfied that the petitioner has given notice to other interested parties in accordance with the regulations. See sec. 1.7476–2, Income Tax Regs. In addition, this Court lacks jurisdiction "unless it determines that the petitioner has exhausted administrative remedies available to him within the Internal Revenue Service." Sec. 7476(b)(3). Section 7476(b)(4) requires that the plan or amendments thereto be put into effect before a petition is filed. Finally, section 7476(b)(5) states that if the Commissioner sends notice of his determination by registered or certified mail to an interested party, then no declaratory judgment under section 7476(a) may be initiated by such interested party "unless the pleading is filed before the ninety-first day after the day after such notice is mailed to such person (or to his designated representative, in the case of an employee)."

The parties do not dispute that the petitioner has qualified as an interested party under section 7476(b)(1), that the plan amendments were properly put into effect under section 7476(b)(4), that the petitioner was properly informed of the Commissioner's determination, and that the petition for a declaratory judgment was filed within the 90-day period prescribed by section 7476(b)(5). However, the Commissioner argues that we lack jurisdiction of this case because the petitioner did not pursue his administrative remedies as to some allegations in the petition, because there is no actual controversy as to other allegations in the petition, and because many of the allegations relate to operational defects as opposed to formal defects in the pension plan. While we agree for the most part with the Commissioner's legal arguments, we disagree with his

---

[2]All page references to H. Rept. 93–807, S. Rept. 93–383, and Conf. Rept. 93–1280 are to pages in the Cumulative Bulletin where such reports are published.

conclusion that we lack jurisdiction of all allegations in the petition.

In relevant part, section 601.201(o)(11)(ii), Statement of Procedural Rules, provides:

> (ii) The administrative remedy of an interested party with respect to any matter relating to the qualification of the plan is submission to the district director of a comment raising such matter in accordance with paragraph (o)(5)(i)(*a*) of this section * * * Paragraph (o)(5)(i)(*a*) provides that an interested party shall have the right to submit a written comment to the District Director by the 45th day after the day on which the application of the employer is received. Section 601.201(o)(5)(ii)(*e*) provides the comment letter must contain:

> (*e*) The specific matter or matters raised by the interested party or parties on the question of whether the plan meets the requirements for qualification under Part I of Subchapter D of the Code, and how such matter or matters relate to the interests of such party or parties making such comment.

For an interested party, the only administrative remedies are the opportunity to submit a comment letter and to request the Secretary of Labor to comment on the requested determination (sec. 601.201(o)(5)); there is no procedure for an interested party to seek administrative review of a determination by a District Director. Sec. 601.201(o)(11). In addition, Rule 217(a), Tax Court Rules of Practice and Procedure,[3] provides in part:

> Disposition of an action for declaratory judgment, which does not involve a revocation, will ordinarily be made on the basis of the administrative record, as defined in Rule 210(b)(10). Only with the permission of the Court, upon good cause shown, will any party be permitted to introduce before the Court any evidence other than that presented before the Internal Revenue Service and contained in the administrative record as so defined. * * *

See also Rule 210(c)(4).

Here, the petitioner timely filed his comment letter with the District Director in which he raised four specific "matters." As to such matters, he exhausted his administrative remedies and fulfilled that jurisdictional requirement. However, as to the allegations in his petition relating to other matters, we lack jurisdiction under section 7476(b)(3), Rule 210(c)(4), and Rule 217(a). See also *Houston Lawyer Referral Service, Inc. v. Commissioner*, 69 T.C. 570, 574–576 (1978). In a declaratory judgment action under section 7476, we must decide whether the

---

[3] All references to a Rule will be to the Tax Court Rules of Practice and Procedure.

Commissioner, in making his determination, properly applied the law to the facts presented to him in the request for such determination. The reason an interested party is required to exhaust his administrative remedies by presenting all of his objections to the Commissioner is to insure that the Commissioner has had an opportunity to rule on such matters before the petitioner requests this Court to review the Commissioner's action. As to allegations in the petition not previously raised by the petitioner in his comment letter, the Commissioner has had no opportunity to pass on such matters, and therefore, there is no action by him with respect to such matters for us to review.

We also agree with the Commissioner that under the facts of this case, we cannot entertain jurisdiction over allegations relating to operational defects in the retirement plan. To request an administrative determination, the employer or the plan administrator files an application, together with the plan, any plan amendments, and any other related documents. Thereafter, the Commissioner generally does not conduct an independent investigation of the facts as presented in the application, nor does he conduct an audit of the applicant at such time; rather, the Commissioner makes his determination, taking into consideration any written comments submitted by interested parties, on the basis of uninvestigated facts, which, for the purposes of such determination, are assumed to be true. See sec. 601.201, Statement of Procedural Rules; *Houston Lawyer Referral Service, Inc. v. Commissioner, supra* at 573; see generally D. Hildebrandt and S. Goldberg "(ERISA)—Qualified Plans—IRS Determination Letter Procedures," 360 Tax Management (1977). After the Commissioner issues his determination letter (or fails to do so timely), section 7476(a) confers jurisdiction on this Court over declaratory judgment actions seeking a review of the Commissioner's determination dealing with the "initial or continuing qualification" of a retirement plan. H. Rept. 93–807, *supra* at 241, 342–343; see *Sheppard & Meyers, Inc. v. Commissioner,* 67 T.C. 26 (1976). Such section has been interpreted as conferring jurisdiction on this Court only with respect to the qualification of a "new plan, a plan amendment, or a plan termination." *Sheppard & Meyers, Inc. v. Commissioner, supra;* H. Rept. 93–807, *supra* at 342. In addition, Rule 217(b)(1) provides that "the Court's decision will be based upon the

assumption that the facts as represented in the administrative record * * * are true."

Moreover, from the following excerpts from H. Rept. 93–807, *supra* at 342–343, it is clear that Congress did not expect either the IRS during the administrative proceeding or the Tax Court in a declaratory judgment action to make an independent examination of the facts to determine if the plan was qualified in operation:

Since the special tax benefits provided by the tax law are provided as an incentive to employers to adopt plans which provide for broad coverage of employees and protection of participants and beneficiaries, these individuals are to be treated as interested parties (under regulations prescribed by the Secretary or his delegate), and thus may petition the Tax Court to declare that the plan *as constituted* does not satisfy the requirements of the tax law designed to protect the employees and their beneficiaries as intended by Congress. * * *

* * * The court is to base its determination upon the reasons provided by the Internal Revenue Service in its notice to the party making the request for a determination, or based upon any new matter which the Service may wish to introduce at the time of the trial. *The Tax Court judgment, however, is to be based upon a redetermination of the Internal Revenue Service determination and not on a general examination of the provisions of the plan or related trust.* * * *

The judgment of the Tax Court in a declaratory judgment proceeding is to be binding upon the parties to the case based upon the facts as presented to the court in the case for the year or years involved. *This, of course, does not foreclose future action (within the limits of the legal doctrines of estoppel and stare decisis) if an examination of the operations of a plan indicates that the plan does not in operation meet the requirements for qualification.*

[Emphasis supplied.]

See S. Rept. 93–383, *supra* at 193. Accordingly, since the Commissioner did not conduct an independent examination of the underlying facts, and since his determination did not address the operational aspects of the plan, we lack jurisdiction over allegations in the petition which deal with operational defects in the retirement plan.

Finally, we disagree with the Commissioner to the extent he alleges that there is no actual controversy involved in this case. The United States courts created under Article III of the U. S. Constitution, as a matter of constitutional law, have jurisdiction only of those cases which involve an actual controversy. *Golden v. Zwickler,* 394 U.S. 103, 108 (1969); *Altvater v. Freeman,* 319 U.S. 359, 363–365 (1943); *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239–241 (1937). Though the U. S. Tax Court, which was

created under Article I of the Constitution, may not be explicitly subject to the Article III requirement of an actual controversy (see *Anthony v. Commissioner*, 66 T.C. 367 (1976), and the cases cited therein), section 7476 expressly makes such requirement applicable to the Tax Court in a declaratory judgment action. See generally H. Rept. 93–807, *supra* at 342; Conf. Rept. 93–1280, *supra* at 492. The standard used in deciding whether an actual controversy exists was enunciated by the Supreme Court in *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941), under somewhat similar circumstances, as follows:

Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. * * *

See *Golden v. Zwickler, supra; Altvater v. Freeman, supra; Aetna Life Ins. Co. v. Haworth, supra;* Conf. Rept. 93–1280, *supra* at 492. Applying such standard here reveals that, on the one side, the respondents seek to secure for Central the tax advantages of a qualified retirement plan, and that, on the other side, the petitioner claims the rights which he believes he is entitled to receive under a plan that qualifies for such benefits. As to the allegations in the petition which deal with the matters in the petitioner's comment letter and which do not deal with the operations of the plan, there is a substantial, immediate, and real controversy between parties with adverse legal interests.

In summary, although we lack jurisdiction of most of the allegations in the petition since they relate either to operational matters or to matters not raised in the comment letter, there are a few allegations which are properly before us, and for that reason, we will deny the Commissioner's motion to dismiss for lack of jurisdiction. However, we will also strike from the petition those allegations dealing with operational matters or matters not raised in the comment letter.

*An appropriate order will be issued.*