FEDERAL LAND BANK ASSOCIATION OF ASHEVILLE, NORTH CAROLINA, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

MOUNTAIN PRODUCTION CREDIT ASSOCIATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 3457–76R, 3458–76R.   Filed October 6, 1976.

*John S. Nolan* and *Gary G. Quintiere,* for the petitioners.
*Byron J. Furseth,* for the respondent.

OPINION

WILES, *Judge:* Petitioners adopted retirement plans in 1973. On or about May 20, 1974, applications for "determination letters" were filed with the Internal Revenue Service on petitioners' behalf. Petitioners, of course, wanted favorable determination letters in which the Internal Revenue Service would indicate that their plans qualified for special tax treatment. The Internal Revenue Service sent petitioners determination letters in February of 1976 in which it said that the plans were not entitled to special tax treatment. On April 23,

1976, petitioners filed petitions with this Court for declaratory relief pursuant to section 7476.[1] The Commissioner, in response to the petitions for declaratory relief, filed motions to dismiss for lack of jurisdiction. He contends that section 7476 is not applicable to the particular plan year before us. The plan year before us is the same for both petitioners, from September 1, 1973, through August 31, 1974.

Respondent bases his motion to dismiss upon the interrelationship between section 7476 and the Employee Retirement Income Security Act of 1974 (hereinafter ERISA). ERISA was enacted to deal with a number of problems involving retirement plans. H. Rept. No. 93-807 (1974), 1974-3 C.B.(Supp.) 236, 238-243. The problem of particular significance to us involved the Internal Revenue Service's administration of the determination letter process. Broadly speaking, prior to the enactment of ERISA, participation in the determination letter process was limited to the employer and the Internal Revenue Service. The process did not permit employees or others to question the qualification of plans. Congress felt that they should have a right to question the qualification of plans through the determination letter process. Accordingly, Congress included in ERISA section 3001 relating to procedures in connection with the issuance of certain determination letters. That section introduced the concept of participation by employees in the determination letter process in addition to the employer and the Internal Revenue Service. The Department of Labor and a new organization, the Pension Benefit Guaranty Corp., are also allowed to participate.

Respondent contends that paragraphs (1), (2), and (5) of subparagraph 7476(b) and subparagraph 7476(e)[2] refer to

---

[1] Statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.

Sec. 7476 is a new provision of the Internal Revenue Code. It provides taxpayers with a forum in which they may receive determinations of whether their plans are qualified without first paying the deficiency. H. Rept. No. 93-807 (1974), 1974-3 C.B. (Supp.) 236, 340-341, explains more fully the need for sec. 7476.

[2] SEC. 7476. DECLARATORY JUDGMENTS.

(b) LIMITATIONS.—

(1) PETITIONER.—A pleading may be filed under this section only by a petitioner who is the employer, the plan administrator, *an employee who has qualified under regulations prescribed by the Secretary or his delegate as an interested party for purposes of pursuing administrative remedies within the Internal Revenue Service,*

these new participants and contemplate a factual setting in which they have been given the opportunity to join in the determination letter process and protect their rights to participate in the declaratory judgment action. In the case before us, these new participants have not been given an opportunity to participate. The reason for this is simple. Section 3001(e) of ERISA states that section 3001—

does not apply with respect to an application for any plan received by the Secretary of the Treasury before the date on which section 410 of the Internal Revenue Code of 1954 applies to the plan, or on which such section will apply if the plan is determined by the Secretary to be a qualified plan.

Section 410 is, in turn, not applicable to plans in existence on January 1, 1974, for plan years beginning before January 1, 1976. Secs. 1011 and 1017 of ERISA.[3] Since the plan years involved herein both began on September 1, 1973, and ended on August 31, 1974, section 410 is not applicable to these plan years. Since section 410 is not applicable, section 3001 of ERISA is, in turn, not applicable. Therefore there is no possibility of participation by employees and others.

Respondent concludes that since section 7476 contemplates the participation of certain new parties and since they cannot participate in the case before us because of the effective date

---

*or the Pension Benefit Guaranty Corporation.*

(2) NOTICE.—For purposes of this section, the filing of a pleading by any petitioner may be held by the Tax Court to be premature, unless the petitioner establishes to the satisfaction of the court that he has complied with the requirements prescribed by regulations of the Secretary or his delegate *with respect to notice to other interested parties of the filing of the request for a determination referred to in subsection (a).*
\* \* \*

(5) TIME FOR BRINGING ACTION.—If the Secretary or his delegate sends by certified or registered mail notice of his determination with respect to the qualification of the plan *to the persons referred to in paragraph (1) (or, in the case of employees referred to in paragraph (1), to any individual designated under regulations prescribed by the Secretary or his delegate as a representative of such employee),* no proceeding may be initiated under this section by any person unless the pleading is filed before the ninety-first day after the day after such notice is mailed to such person *(or to his designated representative, in the case of an employee).*
[Emphasis added.]
\* \* \*

(e) CROSS REFERENCE.—

For provisions concerning intervention by Pension Benefit Guaranty Corporation and Secretary of Labor in actions brought under this section and right of Pension Benefit Guaranty Corporation to bring action, see *section 3001(c) of subtitle A of* title III of the Employee Retirement Income Security Act of 1974.

[3] There are certain exceptions to the effective date of sec. 410 in subsec. (c) through (i) of sec. 1017 of ERISA. They are not applicable to the case before us.

of section 3001 of ERISA, we should grant his motion to dismiss.

Petitioners accept the second step of respondent's argument, that section 3001 of ERISA is not applicable herein, but they reject his first step, that the right of employees and others to participate is always essential to section 7476. They contend that the main purpose of section 7476 is to insure a taxpayer his day in this Court after receiving an unfavorable determination letter (or no determination letter) from the Internal Revenue Service. They acknowledge the references in section 7476 to section 3001 of ERISA but emphasize that no provision of section 7476 specifically requires that we dismiss for lack of jurisdiction if the employees and other parties listed in section 3001 of ERISA are not allowed to participate in the declaratory judgment action. They submit that such references as there are in section 7476 to section 3001 of ERISA are only essential to section 7476 for plan years to which section 410 is applicable. If section 410 is applicable to the plan year before the Court, then the participation requirements of section 3001 of ERISA must be met. If section 410 is not applicable to the plan year before the Court, as in this case, then the participation requirements of section 3001 of ERISA need not be met.

Thus the issue is clearly joined: How essential are the participation requirements of section 3001 of ERISA to section 7476 of the Internal Revenue Code?

After considering the statutory scheme, the regulations, and the legislative history, we grant respondent's motion to dismiss for lack of jurisdiction.

The statutory scheme supports respondent's conclusion rather than petitioners'. Section 7476(b)(2) states that this Court may hold the pleading of *any* petitioner premature unless that petitioner establishes that he has complied with the requirements prescribed by regulation with respect to notice to other interested parties of the filing of the request for a determination referred to in subsection (a). There is no question that the reference in section 7476(b)(2) to other interested parties refers to those parties listed in section 3001 of ERISA. Sec. 1.7476–1(a), Income Tax Regs. Since petitioners have not notified "other interested parties" and since they certainly fall within the category of "any petitioner," we may

hold their pleadings premature. These pleadings will remain forever premature since, as outlined above, petitioners cannot meet the notice requirements of section 3001 of ERISA with respect to employees and other interested parties *for the plan year herein.* After reviewing the regulations and the legislative history, discussed below, we are convinced that employees and others have the right to participate in the determination letter process and this declaratory action proceeding. Since petitioners have not provided notice to employees and other interested parties, we hold that their pleadings are premature.

Since we are presently discussing the statutory scheme, as opposed to the regulations or the legislative history, it is appropriate that we now outline two of petitioners' arguments. Their contention is, of course, that the participation concept introduced by section 3001 of ERISA is not essential to all controversies involving section 7476 but only some of them. To support their contention, they note that section 7476 is part of the Internal Revenue Code while section 3001 is part of ERISA. But that is not the total picture. Section 7476 was specifically added to the Internal Revenue Code by section 1041(a) of ERISA. It became a part of the Code by virtue of an express provision in ERISA adding it to the Code. This is evidence that we must consider section 7476 within the context of ERISA, including section 3001. And even if section 7476 is in the Internal Revenue Code, there is a valid explanation. Subchapter C of chapter 76 of the Internal Revenue Code is devoted to this Court, including its jurisdiction. Section 7476 is in subchapter C of chapter 76. Since section 7476 gives this Court jurisdiction over declaratory judgments, subchapter C of chapter 76 is where section 7476 belongs.

We also note that section 410, like section 7476, was also added to the Internal Revenue Code by ERISA, specifically section 1011 of ERISA. Since section 7476, sec. 3001 of ERISA, and section 410 must be interrelated to provide respondent with his basic contention, it is appropriate that all of them should ultimately have come from the same statute.

Petitioners also note that section 7476 and section 3001 of ERISA have separate effective dates. Section 7476 applies to pleadings filed more than 1 year after the enactment of

ERISA on September 2, 1974. Sec. 1041(d) of ERISA. The effective date of section 3001 of ERISA depends upon section 410, as explained above. Petitioners submit that if Congress had intended to tie these two sections together, it would have given them the same effective date. There is no indication in the legislative history why Congress gave these sections separate effective dates, but we feel no need to speculate. Separate effective dates are alone insufficient evidence to sustain petitioners, particularly in light of the regulations to which we now turn.

Section 1.7476–1(a)(2), Income Tax Regs., provides that:

In the case of an application for * * * a determination [from the Internal Revenue Service], * * * [the declaratory judgment] procedure is available only if such determination or failure to make such determination is with respect to an application described in paragraph (b)(7) of this section. * * *

Paragraph (b)(7) states that:

Paragraph (b) of this section [describing employees as interested parties] shall only apply in the case of an application made to the Internal Revenue Service requesting an advance determination that a retirement plan as defined in section 7476(d) and paragraph (a) of this section meets the requirements for qualification for a plan year or years to which section 410 applies to such plan. * * *

Clearly the "application described in paragraph (b)(7)" is restricted to applications involving plan years to which section 410 applies. Section 410, as stated above, is not applicable to plan years in existence on January 1, 1974, for plan years beginning before January 1, 1976. Since the retirement plans of both petitioners were in existence on January 1, 1974, and since the present controversy involves plan years beginning on September 1, 1973, respondent's motion must be granted unless the cited regulation is invalid. The Supreme Court has held on numerous occasions that the regulations are entitled to great weight and will be declared invalid only if they are unreasonable and clearly inconsistent with the statute. *Bingler v. Johnson*, 394 U.S. 741, 749–750 (1969); *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501 (1948); *Fawcus Machine Co. v. United States*, 282 U.S. 376, 378 (1931). This is a heavy burden, and one which petitioners have failed to meet.

The legislative history also supports respondent's theory rather than petitioners'. Of all the references in the legisla-

tive history to the participation of employees and others, the reference in H. Rept. No. 93–807 (1974), 1974–3 C.B.(Supp.) at 341–342, set out below, states congressional intent most fully. It appears from this reference that Congress saw two problems with the Internal Revenue Service's administration of the determination letter process. One, there was no remedy for parties who received an unfavorable determination (or no determination) from the Service. Two, there was a lack of participation in the determination letter process by employees and other parties. In section 7476 we find a solution to both these problems. This section provides for a remedy when parties receive an unfavorable determination (or no determination). It also provides for employee participation. There is no evidence whatsoever in the legislative history to support petitioners' theory that employee participation is significant in some cases but not in others.

In most cases an employer is ultimately able to obtain national office consideration of a request for a determination by means of a request for technical advice by a district director or by appeal to the national office of a district director's determination or failure to make a determination. In some cases, the Service has refused to make a determination with respect to the status of a plan and related trust. In either case, however, the employer has exhausted his remedies after the action by the national office.

*As a practical matter, there is no effective appeal from a Service determination (or refusal to make a determination) that a proposed pension plan fails to qualify for the special tax benefits.* In these cases, although there may be a real controversy between the employer and the Service, present law permits the employer to go to court only after he has made contributions to the plan, deducted them, and had those deductions disallowed. The long time period and the related uncertainty, coupled with the threat of the ultimate loss of the tax deduction, almost always causes the employer to go along with the Service, even if he disagrees with the Service's position. *In addition the determination letter procedure does not permit employees, or their unions, to question the qualification of plans.*

*Your committee believes that both employers and employees should have a right to court adjudication in the situations described above. The bill deals with the problem by providing that, in the event of an unfavorable determination (or failure to make a determination), the employer may ask the Tax Court for a declaratory judgment as to the status of a new plan, a plan amendment or a plan to be terminated. In addition, your committee has decided that interested employees should be allowed to participate in the consideration by the Service of an employer's request for a determination and any controversy connected with it.* An employee who intervenes in the Service's determination procedure is to be entitled to receive a copy of the determination issued by the Service in connection with the proceeding. If

the employee questions a Service determination with respect to the qualification of a particular plan, he may petition the Tax Court to issue a declaratory judgment as to the status of the plan.

*Your committee believes that this procedure is desirable because it will permit all interested parties to the controversy (the Government, the plan administrator, the employer, and his employees) to have an opportunity to participate in the administrative determination of the matter and to have an opportunity to contest the Service determination of the matter.*

While the committee decision permits employers and their employees to petition the Tax Court for a declaratory judgment in connection with a new plan, a plan amendment, or a plan termination, the committee also expects the Service to establish procedures whereby interested parties (including employees regardless of whether they are plan participants or plan beneficiaries) may question the continued qualification of a plan and a related trust and obtain a determination from the Service. In such a case, it is believed that the Service should afford the employer and other interested parties an opportunity to be heard before issuing a determination letter with respect to the plan and related trust. If the Service -ultimately concludes that a plan is no longer qualified, then the Service is to proceed in the usual manner by notice of deficiency.

While this new declaratory judgment procedure is being made available to parties who desire to use it, there is no requirement that a party use this new procedure to determine the status of a plan. Further, there is no requirement, as a condition for qualification, that a request for a determination be made.

[Fn. ref. omitted. Emphasis added.]

The evidence petitioners find in the legislative history to support their theory is scant. Apparently Congress considered the declaratory judgment procedure before it focused upon employee participation on the determination letter process. Despite the order in which Congress may have considered these two problems, it is the statute as enacted which gives us our jurisdiction. And, on the facts herein, the right of employees and others to participate is an essential part of section 7476. Since they have not had the right to participate in the determination letter process nor have been able to protect their rights to participate in the declaratory judgment proceedings, we grant respondent's motion to dismiss for lack of jurisdiction.

*Appropriate orders will be issued.*