FRANK B. HAWES, JR., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12503–79R.      Filed February 27, 1980.

Frank B. Hawes, Jr., pro se.
*Thomas K. Purcell*, for the respondent.

OPINION

DRENNEN, *Judge:* This is an action by a retired employee for declaratory judgment pursuant to section 7476(a), I.R.C. 1954.[1] It is presently before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent contends that petitioner failed to exhaust his administrative remedies within the Internal Revenue Service and, thus, is precluded by section 7476(b)(3) from filing a petition for a declaratory judgment relating to the continuing qualification of a retirement plan. Petitioner filed a response to respondent's motion to dismiss and argued in opposition to respondent's motion at the hearing on the motion conducted on January 14, 1980.

On April 9, 1979, Todd Shipyards Corp. (hereinafter Todd)

---

[1]All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue, unless otherwise noted.

filed Form 5300, Application for Determination for Defined Benefit Plan, whereby it requested that a favorable determination be made concerning amendments made on March 23, 1979, to its retirement plan. In brief, the amendments provided for:

(A) The elimination of employee contributions to the plan as a condition for participation;

(B) An increase in benefits for those employees who had retired or attained their normal retirement date prior to July 1, 1978;[2] and

(C) An increase from $1,000 to $2,000 in the lump-sum death benefit payable to those beneficiaries of the retirees. In the application, it was stated that notice of the amendments was communicated to employees by "Announcement Letter" dated March 30, 1979. On June 22, 1979, a favorable determination letter was issued by respondent with regard to the plan amendments. During the course of its consideration of Todd's application, respondent did not receive any comments, either by the petitioner or on his behalf, or by anyone else, concerning the plan amendments.

Petitioner timely filed a petition for declaratory judgment with this Court on August 23, 1979.[3] Petitioner is a retired employee of Todd who receives benefits from the Todd retirement plan.

Section 7476(b)(3) provides that this Court shall not issue a declaratory judgment unless the petitioner has exhausted the administrative remedies available to him within the Internal Revenue Service. Section 601.201(o)(5), Statement of Procedural Rules, sets forth the administrative remedies before the Internal Revenue Service available to parties interested in the qualification of a retirement plan.

---

[2]The increase in benefits depended upon when the particular employee retired and the increase ranged from 0.2 percent for those who retired in June 1978 to 41.2 percent for those who retired prior to July 1968. The purpose of the increase was to provide retirees with additional benefits to offset increases in the cost of living since their retirement.

[3]In the petition, no specific reference is made to the amendments to the Todd retirement plan, to why (if at all) petitioner objects to those amendments or their effect on the plan, or to why (if at all) respondent's issuance of a favorable determination letter was erroneous. From the record, it appears that petitioner has a longstanding objection to some portion of Todd's retirement plan, on which the effect (if any) of the 1979 amendments is not clear, but which amendments provided petitioner with an opportunity to air his objections in this Court via sec. 7476. Petitioner is advised to draw into sharper focus his objections to the 1979 amendments as they affect the retirement plan. See Rule 211(c)(4)(iv), Tax Court Rules of Practice and Procedure.

In relevant part, section 601.201(o)(10)(ii), Statement of Procedural Rules, provides:

(ii) The administrative remedy of an interested party * * * is submission to the district director of a comment raising such matter in accordance with paragraph (o)(5)(i)(a) of this section. * * *

Paragraph (o)(5)(i)(a) provides that an interested party shall have the right to submit a written comment to the District Director. Section 601.201(o)(5)(ii)(e), Statement of Procedural Rules, provides the comment letter must contain:

(e) The specific * * * matters raised by the interested party * * * on the question of whether the plan meets the requirements for qualification * * * and how such * * * matters relate to the interests of such party * * * making such comment.

Petitioner's failure to submit comments (or have comments submitted on his behalf) during the administrative review of Todd's application would normally require granting respondent's motion on the grounds that petitioner failed to exhaust his administrative remedies. Sec. 7476(b)(3); sec. 601.201(o)(10)(ii), Statement of Procedural Rules. The exhaustion of such remedies is a necessary condition of this Court's jurisdiction to issue declaratory judgments. Petitioner's failure to submit such comments, however, is mitigated by the lack of proper notice to petitioner by Todd concerning its application to respondent.

In its application, Todd stated that notice of the amendments was given to employees by an announcement letter dated March 30, 1979. Introduced into evidence at the hearing was the following letter:

March 30, 1979

TO EMPLOYEES, RETIREES AND BENEFICIARIES PARTICIPATING IN THE TODD SHIPYARDS CORPORATION RETIREMENT SYSTEM
The Board of Directors of Todd Shipyards Corporation has recently adopted several amendments to improve the Todd Shipyards Corporation Retirement System effective July 1, 1979, subject to Internal Revenue Service approval. They will be implemented in July even though approval by the IRS may not be received until a later date.
These amendments:
1. Eliminate contributions by active employees — presently 3% of their annual salary in excess of $7,800. No deductions for retirement benefits will be deducted from your salary after July 1, 1979.
2. Double from $1,000 to $2,000 the retiree death benefit, and

3. Increase benefits payable after June 30, 1979 up to a maximum of 41.2% for all members who retired prior to July 1, 1978. Benefits will be increased 0.2% for each month of retirement prior to July 1, 1978, plus an additional 0.2% for each month prior to July 1, 1975, for example, if you retired in *June*—your benefit *% increase* will be:

| 1968 or earlier | 41.2 |
| 1971 | 26.8 |
| 1975 | 7.6 |
| 1977 | 2.6 |

Your Division's General Manager and the Board of Directors has for some time been acutely aware of the inflationary problems confronting our employees and retirees. To provide some relief, it decided by eliminating contributions, to increase the take-home pay of active employees and to increase benefits to retirees and/or their beneficiaries.

In the very complex business that we are in, we are more dependent than ever upon the dedicated performance and loyalty of our present employees in upholding the tradition of excellence their predecessors instilled, thus building Todd to the great company that it is. For this, we are grateful.

(S) Arthur W. Stout, Jr.           (S) J. T. Gilbride
ARTHUR W. STOUT, JR.            J. T. GILBRIDE
*President*                          *Chairman*

Before an advance determination as to the qualified status of a retirement plan can be issued, notice must be given to interested parties.[4] Secs. 1.7476–1(a) and 1.7476–2(a), Income Tax Regs; see also sec. 3001(a), Employee Retirement Income Security Act of 1974, Pub. L. 93–406, 88 Stat. 829. In section 1.7476–2(b), Income Tax Regs., it is provided that such notice "shall contain the information" prescribed in section 601.201(o)(3), Statement of Procedural Rules; see also Rev. Proc. 75–31, 1975–2 C.B. 552. Section 601.201(o)(3)(xvi), Statement of Procedural Rules, provides, inter alia, that the notice must advise interested parties that application as to the qualified

---

[4] In his memorandum in support of his motion to dismiss, respondent states that petitioner is an interested party for purposes of sec. 7476. As an interested party, petitioner would be entitled to notice from Todd concerning the plan amendments (sec. 3001(a), Employee Retirement Income Security Act of 1974, and secs. 1.7476–1(a) and 1.7476–2(a), Income Tax Regs.), and would, assuming all other conditions of sec. 7476 are satisfied, be entitled to bring a declaratory judgment action (sec. 7476(b)(1)). The definition of "interested party" contained in sec. 1.7476(b), Income Tax Regs., however, does not, in a case such as this, seemingly include a retired employee such as petitioner. Sec. 1.7476–1(b)(5), Income Tax Regs., contains the only reference which includes retired employees in the definition of interested parties. That subparagraph of the regulations concerns plan terminations and would not seemingly apply to the 1979 amendments to Todd's plan. Because of respondent's statement, and because the amendments clearly affect petitioner's benefits, we will consider petitioner to be an interested party for purposes of our decision concerning respondent's motion.

status of the plan is to be made to the Internal Revenue Service and the address of the District Director to whom the application will be submitted; a statement that any person to whom the notice is addressed is entitled to submit, or request the Department of Labor to submit, to the District Director a comment on the question of whether the plan meets the requirements for qualification; the procedural rules for making such a comment; and where various materials relative to the plan and application for determination will be available to such interested parties. The letter of March 30, 1979, by Todd did not satisfy these requirements. Compare the Todd letter with the sample notice attached as an exhibit to Rev. Proc. 75–31, 1975–2 C.B. at 555.[5] Neither the fact that it was not anticipated that someone would object to amendments which provided increased benefits nor the fact that petitioner might have been aware of the administrative process for considering requests for favorable determination letters[6] allows respondent's notice requirements to be abrogated.

At this juncture, the status of the case is somewhat unique and there does not appear to be any precedent which clearly governs its disposition. Given the absence of proper notice to petitioner, respondent's motion to dismiss for lack of jurisdiction for failure to exhaust administrative remedies cannot be granted, and it is hereby denied. While notice to interested parties may not be an absolute prerequisite to this Court's jurisdiction under section 7476 (*Federal Land Bank Assn. v. Commissioner*, 573 F.2d 179 (4th Cir. 1978), revg. 67 T.C. 29 (1976)), it is our opinion that proper notice in a case such as this is a prerequisite if petitioner is to be denied access to this Court for failure to exhaust his administrative remedies. Thus, for purposes of this case, the exhaustion requirement could be waived because of the absence of proper notice. This result is equitable since petition-

---

[5]It is recognized that procedures contained in the Statement of Procedural Rules, 26 C.F.R., part 600, et seq., are not accorded the same weight as regulations approved by the Secretary of the Treasury in accordance with sec. 7805. *Luhring v. Glotzbach*, 304 F.2d 560 (4th Cir. 1962); *Cataldo v. Commissioner*, 60 T.C. 522 (1973); *Flynn v. Commissioner*, 40 T.C. 770 (1963). In this case, however, a secretarially approved regulation provides that the necessary notice "shall contain the information" prescribed in the Statement of Procedural Rules. Given these circumstances, the procedural rule at issue should be accorded the same weight as a regulation.

[6]A petition for declaratory judgment pursuant to sec. 7476 was filed with this Court in 1978 by petitioner following the respondent's issuance of a favorable determination letter with regard to another change in Todd's retirement system. In that case, petitioner did file comments with the respondent during the administrative process. That case was dismissed, however, for lack of jurisdiction due to petitioner's failure to file timely his petition in accordance with sec. 7476(b)(5).

er's rights to notice and to avail himself of this Court's declaratory judgment powers cannot be rendered nugatory due to respondent's failure to insure Todd provided the required notice.

We do not believe it advisable, however, that this Court conduct a review of the plan and petitioner's comments thereon when respondent has not considered them. Generally, the Court should review the same information considered by respondent. Rule 210(a), Tax Court Rules of Practice and Procedure. Furthermore, it was intended that the Court normally base its decision on the grounds utilized by respondent in making his determination. H. Rept. 93–807, 1974–3 C.B. (Supp.) 236, 343; *Thompson v. Commissioner*, 71 T.C. 32, 38 (1978). Accordingly, it would be preferable for the respondent to reopen its consideration of the Todd request for determination so as to allow petitioner, and other properly notified interested parties, a chance to comment thereon. We realize we do not have specific statutory authority to order such a procedure. We will give the parties 20 days to report to the Court concerning how they propose to deal with the problems presented. In the event respondent is not agreeable to reopening the administrative proceedings, we will take such action as we deem appropriate under the circumstances.

*An appropriate order will be entered.*