STEFFEN INSURANCE AGENCY, LTD., RETIREMENT PLAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Steffen Ins. Agency, Ltd. v. Commissioner
Docket No. 19236-80R.
United States Tax Court
T.C. Memo 1981-276; 1981 Tax Ct. Memo LEXIS 473; 42 T.C.M. (CCH) 17; T.C.M. (RIA) 81276; 2 Employee Benefits Cas. (BNA) 1518; June 1, 1981. Lawrence Healy (an employee), for the petitioner. Stephen Morrow, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Darrell D. Hallett, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth *474 below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: This is an action brought pursuant to section 7476(a) by an employer to obtain a declaratory judgment regarding qualification of its retirement plan. Respondent has moved to dismiss for lack of jurisdiction on the grounds that petitioner has not demonstrated that it gave adequate notice to its employees of its application for continuing qualification of the retirement plan. Petitioner conducts an insurance agency with five employees. It writes business for some twelve insurance companies, including Provident Life and Accident Insurance Company. In 1959, Provident was instrumental in setting up a retirement plan for certain employees of its independent agencies. This plan provided retirement benefits to employees of the agencies who handled matters related *475 to Provident Life and Accident Insurance Company policies. Provident paid one-half of the plan contributions for the covered employees, and the agency paid the other half. Petitioner's employee Mr. Healy was covered by such a plan, and in 1964 a determination letter was issued by respondent holding that petitioner's retirement plan was a qualified plan. Mr. Healy was and has continued to be the only employee of petitioner covered by the plan. In 1978, petitioner adopted amendments to its plan with a view toward obtaining continued qualification of the plan in light of the ERISA provisions. On June 19, 1978, petitioner made an application for qualification with respondent's district director. After communications with various offices of respondent, a letter was issued dated July 10, 1978, wherein respondent denied petitioner's application. Petitioner timely filed a petition with this Court requesting review of respondent's denial. Section 7476(b)(2) provides that this Court may hold that the filing of a petition requesting a review of respondent's adverse determination as to the qualification of a retirement plan is premature unless petitioner establishes that he has complied *476 with the provisions of respondent's treasury regulations concerning notice to interested parties of the petitioner's request for qualification. The pertinent treasury regulations, Secs. 1.7476- 1 and 601.201(o), require, in general, that an employer requesting a determination from respondent as to the initial or continuing qualification of a retirement plan give notice to its employees of the request, and give the employees information concerning their rights to become involved in the determination process. Petitioner had at least four employees who were entitled to notice under these provisions. [3]
Testimony at the hearing on this motion establishes that two of petitioner's employees, Mr. Healy and Mr. Brachman, co-owners of the business, were not given formal notification *477 concerning petitioner's application, but were well informed of the request and the administrative proceedings involving it. In fact, Mr. Healy signed the petition on behalf of petitioner and handled most of the administrative proceedings. Mr. Brachman also participated to some extent in the proceedings. However, with respect to a full time secretary and a part-time office person, petitioner has clearly not established that those persons were informed both as to the making of the application and as to their rights to become involved in the proceedings regarding it. This being the case, we conclude that petitioner has not demonstrated that the notice requirements of the regulations have been fully complied with. The next question is whether that requires us to dismiss this case. We stated in Hawes v. Commissioner, 73 T.C. 916, 920 (1980) that "notice to interested parties may not be an absolute prerequisite to this Court's jurisdiction" citing Federal Land Bank Association v. Commissioner, 573 F.2d 179 (4th Cir. 1978) revg. 67 T.C. 29 (1976). Hawes involved a situation where a retired employee sought to challenge respondent's *478 favorable determination regarding his employer's plan. Respondent moved to dismiss the retired employee's petition because he had not participated in the administrative proceedings regarding the employer's application. We refused to grant respondent's motion because petitioner had never been given the notice provided by section 7476(b)(2) and the applicable regulations. Federal Land Bank Association involved a situation where the notice provisions of section 7476(b)(2) were not effective as to the plan years before the Court. While these opinions may establish an element of discretion in this Court's decision as to whether to dismiss a case pursuant to section 7476(b)(2) because the notice requirements have not been met, we conclude that we must grant the motion to dismiss in this case. Although we sympathize with the complex substantive and procedural rules facing petitioner throughout the process involving its attempt to obtain continuing qualification for its plan, the record very clearly establishes that at lease some of petitioner's employees were entitled to be informed of the request and their right to participate in the administrative proceedings regarding it, but *479 they were not so informed. The employees could easily be informed of the proceedings in this Court and given an opportunity to intervene at this stage of the controversy, if they wish. However, we could not consider matters the employees might wish to present to the Court, or for that matter, any additional evidence which petitioner wished to present that was not presented during the administrative consideration of the request, since our review is limited solely to the evidence and arguments already presented to respondent. Hawes, supra at 921; Thompson v. Commissioner, 71 T.C. 32, 38 (1978). It might well be, as petitioner argues, that none of the individuals involved in petitioner's small company would reasonably be expected to have any objection to the retirement plan's coverage of only one employee. However, in view of Congress' attempt to give employees the opportunity to be informed and heard as to employer's retirement plans when respondent is requested by the employer to approve the plans for tax purposes, we simply cannot set aside the notice requirements based upon speculation as to what the employees' interest might have been. *480 Finally, we note that petitioner will not be significantly prejudiced by our dismissal of this case on jurisdictional grounds. In this respect, the record indicates that if this case is dismissed, respondent will proceed to issue a statutory notice to Mr. Healy raising the issue as to the qualification of the plan as it regards the contributions made to the plan on his behalf. Then, Mr. Healy, who appears to be the individual most interested and involved in the whole matter pertaining to qualification of the plan, will have the opportunity to obtain the review he now seeks by filing a petition in response to the notice of deficiency. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Five persons were associated with petitioner, including one independent contractor and three part-time and one full-time employee. Sec. 1.7476-1(b)(1), Income Tax Regs.↩, requires, with exceptions not applicable to this case, notice to all employees eligible to participate in the retirement plan and to all other employees having the same principal place of business as those eligible to participate.