ROBERT B. WARD, JR., GARY L. BENNETT, CHARLES W. BURKHART, WILLIAM E. CAWTHON, GARY L. DYER, DONALD L. ELLIS, JOHN B. HELMICK, DONALD L. HICKS, WILLIAM R. KRAFFT, DOHN MARK LOUGH, BRUCE M. PADGETT, JOSEPH C. RINEHART, RONALD W. SHINGLETON, ALLEN M. SKINNER, THOMAS N. THOMS, RUSSELL J. WARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ward v. Commissioner
Docket No. 8981-92R
United States Tax Court
T.C. Memo 1992-535; 1992 Tax Ct. Memo LEXIS 555; 64 T.C.M. (CCH) 714; September 10, 1992, Filed *555 For Petitioners: John J. Osterhage. For Respondent: James W. Lessis. WELLS
WELLS
MEMORANDUM OPINION WELLS, Judge: The instant case is before us on respondent's motion to dismiss for lack of jurisdiction. Petitioners, former employees of Halliburton Company (Halliburton) who separated from Halliburton's service in 1986, seek to maintain the instant declaratory judgment action as interested parties under section 7476(b)(1). [1] In their petition for declaratory judgment, petitioners ask the Court to decide whether Halliburton's pension plans, in which petitioners were participants, experienced a partial termination in the year petitioners separated from service. A decision in their favor would entitle petitioners to the nonvested portion of accrued benefits under the retirement plans in issue. Halliburton and another former employee have also petitioned this Court for a declaratory judgment on such issue, and we decided that we had jurisdiction over that action in Halliburton Co. v. Commissioner, 98 T.C. 88 (1992), which contains a more complete statement of the circumstances surrounding such action. *556 Respondent's motion seeks a dismissal of the instant case upon the grounds that petitioners have failed to exhaust their administrative remedies. Section 601.201(o)(10)(ii), Statement of Procedural Rules, provides that exhaustion of an interested party's administrative remedies does not occur unless the interested party [2] submits a comment letter to the Commissioner within 45 days of the filing of the plan sponsor's request for determination. Petitioners admit they did not file such letters but allege that their failure to file such letters was the result of Halliburton's failure to notify them of its request for determination. See sec. 1.7476-2(c)(2)(i), Income Tax Regs. Petitioners request that they be excused from the exhaustion requirement because of the alleged failure of Halliburton to afford them such notice. Petitioners have the burden of establishing that this Court has jurisdiction over their petition. Rule 217(c)(1)(A); Halliburton Co. v. Commissioner, 98 T.C. at 94. In order to excuse petitioners' failure to exhaust their administrative remedies, petitioners must establish that Halliburton failed to comply with the notice requirements prescribed *557 by the Commissioner in section 1.7476-2, Income Tax Regs.Hawes v. Commissioner, 73 T.C. 916, 920-921 (1980). We agree with respondent that we do not have jurisdiction over the instant case. [3]Section 1.7476-2(c)(2)(i), Income Tax Regs., provides that a former employee who is an interested party is to be given notice in person or by mail at his last known address. Petitioners have submitted affidavits which allege that they did not receive notice that Halliburton intended to file a request for determination. Such affidavits, however, are insufficient to establish that Halliburton failed to comply with the notice requirements of section 1.7476-2, Income Tax Regs. The affidavits merely claim that petitioners did not receive notice of Halliburton's request for determination. The regulations do not require that an interested party actually be notified of the planned request, only that *558 notice be mailed to the interested party's last known address. Sec. 1.7476-2(c)(2)(i), Income Tax Regs. As petitioners' affidavits do not establish that Halliburton did not comply with the notice requirements, petitioners may not be excused from their failure to exhaust administrative remedies in the instant case. Accordingly, we hold that we do not have jurisdiction over the petitioning interested parties in the instant case. We do note, however, that petitioners may file a motion in Halliburton's declaratory judgment action, docket No. 26290-90R, for leave to file a brief as amicus curiae, which the Court will, in its discretion, consider. *559 To reflect the foregoing, An appropriate order will be entered. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code as applicable in the instant case, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. An interested party is defined in section 1.7476-1(b)(5), Income Tax Regs.↩, and includes a former employee.
3. Respondent has filed a separate motion to dismiss Halliburton's case at docket No. 26290-90R. The ground for such motion is that Halliburton failed to comply with the notice requirements and is based on the allegations made by petitioners in the instant case. In a separate Supplemental Memorandum Opinion, T.C. Memo. 1992-534↩, issued concurrently with this Memorandum Opinion, we have denied respondent's motion and held that Halliburton has complied with the notice requirements of section 7476 and the regulations promulgated thereunder.