HALLIBURTON COMPANY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Halliburton Co. v. Commissioner
Docket No. 26290-90R
United States Tax Court
T.C. Memo 1992-534; 1992 Tax Ct. Memo LEXIS 556; 64 T.C.M. (CCH) 713; September 10, 1992, Filed *556 For Petitioners: Donald F. Wood and Douglas E. Hamel. For Respondent: James W. Lessis. WELLS
WELLS
SUPPLEMENTAL MEMORANDUM OPINION WELLS, Judge: The instant case is before us on respondent's motion to dismiss for lack of jurisdiction. The instant case is an action for a declaratory judgment concerning two pension plans sponsored by Halliburton Company (Halliburton), the Halliburton Profit Sharing and Savings Plan (the Halliburton plan), and the IMCO Services Profit Sharing and Savings Plan (the IMCO plan). The background of the case may be briefly set forth. In April 1986, Halliburton sought a determination from respondent as to whether a partial termination of the Halliburton plan had occurred in 1986. Halliburton also sought a determination as to the initial qualification of the IMCO plan, which Halliburton had spun off from the Halliburton plan. Halliburton, however, did not receive final determinations from respondent. In November 1990, Halliburton filed a petition in this Court seeking a declaratory judgment concerning the subjects of its requests for determination. Respondent moved to dismiss such action for lack of jurisdiction on grounds that Halliburton had failed *557 to exhaust its administrative remedies. We ruled on that motion in an Opinion dated February 4, 1992. Halliburton Co. v. Commissioner, 98 T.C. 88 (1992). In that Opinion, we denied respondent's motion and permitted Halliburton to maintain the instant action for declaratory judgment. We subsequently ordered the submission of the administrative record and set a schedule for the filing of briefs. Rule 217. [1]
Subsequent to the issuance of our Opinion on February 4, 1992, certain former employees of Halliburton filed a petition for declaratory judgment as interested parties (the West Virginia petitioners), [2] which is the subject of a separate docketed case at docket No. 8981-92R, Ward v. Commissioner, T.C. Memo. 1992-535. In that case, the West Virginia petitioners admitted that *558 they had not exhausted their administrative remedies by filing timely comment letters, ordinarily a jurisdictional requirement for maintaining the instant action, section 7476(b)(3), but requested that they be excused from such requirement, alleging that Halliburton had not complied with the notice requirement of section 7476(b)(2). See Hawes v. Commissioner, 73 T.C. 916 (1980). Respondent has filed a motion to dismiss their petition for lack of jurisdiction on grounds that such petitioners have failed to exhaust their administrative remedies by filing comment letters with respondent. In a separate Memorandum Opinion, Ward v. Commissioner, T.C. Memo. 1992-535, issued concurrently with this Supplemental Memorandum Opinion, we ruled that we did not have jurisdiction over the case filed by the West Virginia petitioners. *559 The instant motion is respondent's second motion to dismiss the petition in the instant case and is grounded upon Halliburton's failure to notify interested parties of its request for a determination alleged by the West Virginia petitioners in docket No. 8981-92R, Ward v. Commissioner, T.C. Memo. 1992-535. Halliburton has filed a response contending that the notice requirement was satisfied. Halliburton's response is based upon an affidavit made by Russell Moore, the employee responsible for notifying interested parties of its request for determination (the Moore affidavit). Section 7476(b)(2) provides that we may hold a declaratory judgment pleading premature unless the party seeking the declaratory judgment establishes to the Court's satisfaction that such party has complied with the notice requirements prescribed by regulation. Based on the representations in the Moore affidavit, we are satisfied that Halliburton has complied with the notice requirements of section 7476 and the regulations promulgated thereunder. Under the regulations, notice to interested parties must be in writing and must inform them of the request for determination and of their *560 right to submit comment letters. Sec. 1.7476-2, Income Tax Regs.; sec. 601.201(o)(3)(xiv)-601.201(o)(3)(xvi), Statement of Procedural Rules. In the case of an interested party who is a former employee, notice may be given by mail to the last known address of such former employee between 10 and 24 days prior to the filing of the determination request. Sec. 1.7476-2(c)(2); Income Tax Regs.; sec. 601.201(o)(3)(xv), Statement of Procedural Rules. According to the Moore affidavit, notice of the impending ruling request was mailed to the last known address of all interested parties, including each West Virginia petitioner, on April 7, 1986, and the letter mailed by Halliburton contained all information required by sec. 601.201(o)(3)(xvi), Statement of Procedural Rules. The request for determination was timely filed on April 27, 1986. Additional circumstances warrant consideration. According to the Moore affidavit, none of the notices to the West Virginia petitioners was returned as undeliverable. All of the West Virginia petitioners, save one, were entitled to a distribution from the Halliburton plan upon their separation from service, and payment request forms were sent to *561 the same addresses to which the required notice was directed. All such request forms were remitted to Halliburton, which subsequently mailed checks to such addresses, and none of the West Virginia petitioners indicated that they had failed to receive such checks. Based on such representations, we are satisfied that Halliburton complied with the notice requirements of the regulations. Accordingly, we will deny respondent's motion to dismiss. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as applicable to the instant case, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Such petitioners alleged in their petition that they worked at a Halliburton camp in Weston, West Virginia, and all, save one, allege residence in such State.↩