CHARLES E. DILLON, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dillon v. Commissioner
Docket No. 27268-92R
United States Tax Court
T.C. Memo 1993-239; 1993 Tax Ct. Memo LEXIS 250; 65 T.C.M. (CCH) 2816; May 27, 1993, Filed *250 An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered. Charles E. Dillon, Sr., pro se. For respondent: Don M. Parkinson and Thomas G. Schendt. PANUTHOS
PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction filed February 1, 1993. The issue for decision is whether the prerequisites to this Court's jurisdiction under section 7476 have been satisfied. [1]
Background
On or about October 1, 1984, Charles E. Dillon, Sr. (petitioner), retired from employment with Kraft, Inc. (Kraft), under an "early-out" program. During discussions leading to his to decision to retire, petitioner inquired and was advised by Kraft that he was not entitled to receive his retirement benefits in a lump-sum payment. However, *251 other Kraft employees were permitted to elect to receive their benefits in a lump-sum. Effective November 1, 1984, Kraft amended its pension plan to make lump-sum distributions available to all participants of the plan. Subsequent to his retirement, petitioner became involved in a dispute with Kraft over his eligibility for a lump-sum distribution of his retirement benefits. The matter appeared to be settled in July 1986 when Kraft forwarded a check to petitioner in the amount of $ 63,770.06 representing a lump-sum payment of petitioner's retirement benefits. Sometime after the settlement was finalized, petitioner realized that the payment that he agreed to did not include an incentive amount (a social security supplement) that Kraft originally offered as an inducement to petitioner to subscribe to the early-out program. Believing the Kraft retirement plan to be in violation of the antidiscrimination rules set forth in section 401(a)(4), petitioner pursued the matter with Kraft, the U.S. Department of Labor, and the Internal Revenue Service (IRS). The record includes six letters that petitioner received from the IRS (four letters from the National Office in Washington, D.C., *252 and two letters from the office of the District Director in Chicago, Illinois) covering the period June 1987 to October 1992. Each of the letters originating in the National Office states that it is intended to convey general information only and is not intended to be treated as either a ruling or a determination as to the qualified status of a particular deferred compensation plan. While such language was not included in the two letters originating in the District Director's office, the letters plainly state that there is no action that the IRS can pursue on petitioner's behalf. On December 9, 1992, petitioner filed a petition for declaratory judgment pursuant to section 7476. Respondent subsequently filed a motion to dismiss for lack of jurisdiction to which petitioner filed an objection. The matter was set for hearing in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument on the motion. Petitioner filed a statement with the Court pursuant to Rule 50(c). Discussion
Section 7476(a) provides that this Court may exercise jurisdiction over a declaratory judgment action if there is an actual controversy involving a determination by the *253 Secretary with respect to the initial or continuing qualification of a retirement plan, or involving a failure by the Secretary to make a determination with respect to such initial qualification or with respect to such continuing qualification if the controversy arises from a plan amendment or plan termination. Loftus v. Commissioner, 90 T.C. 845, 855 (1988), affd. without published opinion 872 F.2d 1021 (2d Cir. 1989). Petitioner bears the burden of proving that the jurisdictional requirements of section 7476 have been met. Rule 217(c)(1)(A)(i); Halliburton Co. v. Commissioner, 98 T.C. 88, 94 (1992). Section 7476(b)(1) provides in pertinent part that the petitioner in such a declaratory judgment action is limited to the employer, the plan administrator, an employee who has qualified under regulations prescribed by the Secretary as an interested party for purposes of pursuing administrative remedies within the IRS, or the Pension Benefit Guaranty Corporation. New York State Teamsters v. Commissioner, 90 T.C. 862, 874 (1988), affd. without published opinion 872 F.2d 1021 (2d Cir. 1989). *254 Section 1.7476-1(b)(1), Income Tax Regs., provides the general rule that all present employees of the employer qualify as interested parties. Except for cases involving a plan termination, [2] former employees generally are not considered interested parties under the controlling regulations. See Jones v. Commissioner, T.C. Memo. 1980-512; cf. Hawes v. Commissioner, 73 T.C. 916, 919 n.4 (1980). Petitioner alleges in his petition that he is uncertain whether respondent made a determination that the Kraft plan is qualified. Nonetheless, petitioner contends *255 that he is an interested party and that he believes he has exhausted his administrative remedies. Respondent denies making a determination with respect to the qualification of the Kraft plan. Respondent contends that the letters issued to petitioner were merely "informational letters" that do not provide a basis for jurisdiction under section 7476. Considering the record in its entirety, we are persuaded that the jurisdictional prerequisites set forth in section 7476(a) are lacking in the instant case. First, we agree with respondent that no determination has been made with respect to the tax-qualified status of the Kraft plan. To the contrary, the letters issued to petitioner indicate that they were issued for informational purposes only and are not to be considered rulings. [3] Nor can it be said that this action relates to respondent's failure to make a determination with respect to initial or continuing qualification arising from a plan amendment or plan termination. While the Kraft plan was amended subsequent to petitioner's retirement, the plan amendment is not the source of petitioner's complaint. Rather, petitioner's dispute with Kraft relates solely to the amount of *256 the settlement that petitioner negotiated with Kraft over his eligibility to receive a lump-sum distribution. We conclude that petitioner has failed to establish that the jurisdictional requirements of section 7476 are satisfied. The foregoing aside, we further note that petitioner lacks standing to bring the instant action under either section 7476(b)(1) or the regulations promulgated pursuant to the authority provided therein. In particular, petitioner (a former employee of Kraft) does not qualify as an interested party as defined in section 1.7476-1(b)(1), Income Tax Regs., which provides the general rule that all present employees of the employer qualify as interested parties. Similarly, petitioner does not qualify as an interested party under the exception set forth in section 1.7476-1(b)(5), Income Tax Regs., which applies in the case *257 of a plan termination. See Jones v. Commissioner, supra.
Accordingly, respondent's motion to dismiss for lack of jurisdiction filed February 1, 1993, will be granted and this case will be dismissed for lack of jurisdiction. An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code unless otherwise noted. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 1.7476-1(b)(5), Income Tax Regs.↩, provides that, in the case of an application for an advance determination with respect to whether a plan termination affects the continuing qualification of a plan, all present and former employees with accrued benefits under the plan, as well as all beneficiaries of deceased former employees currently receiving benefits under the plan, shall be interested parties.
3. See Rev. Proc. 93-4, 1993-1 I.R.B. 83↩ (Jan. 4, 1993) (distinguishing between a determination letter and an informational letter).