16 F.3d 1227
 73 A.F.T.R.2d 94-1197
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Charles E. DILLON, Sr., Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
 No. 93-2822.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 16, 1993.
Filed: January 28, 1994.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles E. Dillon, Sr., appeals the decision of the United States Tax Court,[1] dismissing for lack of jurisdiction Dillon's declaratory judgment action under 26 U.S.C. Sec. 7476. See Dillon v. Commissioner, 65 T.C.M. (CCH) 2816 (1993). For the reasons discussed below, we affirm the decision of the tax court.
 
 
 2
 Dillon retired from Kraft General Foods, Inc. (Kraft), in October 1984 as part of an early-retirement program, in which Kraft agreed to provide a social security supplement as an incentive. Kraft denied Dillon's request for a lump-sum payment of his retirement benefits because such payment was available only to higher-paid employees. Dillon protested the discriminatory treatment, and Kraft amended its employee pension plan to allow lump-sum payments to all employees effective November 1984, after Dillon's retirement. Dillon filed suit against Kraft in 1986, and the parties reached a settlement in which Kraft gave Dillon a lump-sum payment. Later, Dillon realized that the settlement excluded the social security supplement.
 
 
 3
 Dillon complained to the Internal Revenue Service (IRS) about Kraft's treatment with respect to the administration of the pension plan, and alleged that the plan was discriminatory in violation of the Employee Retirement Income Security Act of 1974 (ERISA). Several IRS officials responded to Dillon, giving him general information about qualified pension plans; each letter contained either a proviso that the information was "not a ruling and may not be relied upon with respect to any specific transaction," or a statement that there was no action the IRS could pursue on Dillon's behalf.
 
 
 4
 In December 1992, Dillon filed a pro se petition for declaratory judgment in the tax court under Tax Court Rule 211(c)(4). Acknowledging that the correspondence he received from the IRS contained the caveat that the letters were not rulings, he nevertheless presumed the negative responses constituted a determination that his objections to the plan were without merit. Dillon asserted he satisfied the prerequisites to 26 U.S.C. Sec. 7476(b), and sought a declaration that the Kraft pension plan failed to meet the qualifications of the law and that he was entitled to the social security supplement.
 
 
 5
 The government moved to dismiss the action for lack of jurisdiction, arguing that Dillon did not satisfy the requirements for bringing a declaratory judgment proceeding under 26 U.S.C. Sec. 7476.
 
 
 6
 After a hearing and consideration of Dillon's written statement submitted in accordance with Tax Court Rule 50(c), the tax court granted the government's motion. The tax court concluded, under 26 U.S.C. Sec. 7476(a), that no determination had been made regarding the tax-qualified status of the Kraft plan, that the letters were informational only and not rulings, and that this action did not relate to the failure to make a determination regarding initial or continuing qualification arising from a plan amendment or plan termination. In addition, the tax court held that Dillon did not have standing under 26 U.S.C. Sec. 7476(b)(1) to bring this action, because he was not an interested party, as defined in Treas. Reg. Sec. 1.7476-1(b)(1) (present employees qualify as interested parties), and (5) (former employees qualify as interested parties in plan terminations). The tax court also denied Dillon's motion for reconsideration. This appeal followed.
 
 
 7
 For reversal, Dillon argues that the tax court erred in determining he was not an interested party and that the IRS never made a determination of Kraft's tax-qualified status.
 
 
 8
 Under 26 U.S.C. Sec. 7476, the tax court may decide only whether the Commissioner properly applied the law to the facts presented in the request for determination; thus, the tax court may determine only " 'whether a plan is, or is not, a qualified plan.' " Wenzel v. Commissioner, 707 F.2d 694, 696 (2d Cir. 1983) (per curiam) (quoting legislative history at S. Rep. No. 383, 93rd Cong., 2d Sess. 3 (1974), reprinted in 1974 U.S.C.C.A.N. 4639, 4890, 4997).
 
 
 9
 We agree with the tax court that the Commissioner's correspondence with Dillon did not constitute a determination letter with respect to the qualification of Kraft's plan. Determination letters, unlike information letters, apply the applicable law to a specific set of facts. See Rev. Proc. 93-4, 1993-1 I.R.B. 83, 87-88 (Jan. 4, 1993). Dillon also did not comply with the requirements for requesting a determination letter. See id. at 93-100. Thus, the Commissioner was not required to issue a determination letter, and the failure to issue the determination letter did not give rise to an action for declaratory judgment under 26 U.S.C. Sec. 7476(a).
 
 
 10
 Accordingly, we affirm the decision of the tax court.
 
 
 
 [1]
 The Honorable Peter J. Panuthos, Chief Special Trial Judge, United States Tax Court