The Honorable Mike Huckabee Lieutenant Governor State Capitol, Suite 270 Little Rock, Arkansas 72201
Dear Mr. Huckabee:
This is in response to your request for an opinion regarding regulations adopted by the United States Treasury Department relating to the Employee Retirement Income Security Act ("ERISA"), Pub.L. No. 93-406. In your correspondence, you set forth the basis for this request as follows:
The Federal Employee Retirement Income Security Act (ERISA) regulates pension plans. It provides remedies in the Tax Court of the United States for people aggrieved by the operation of pension plans. It provides remedies for, among others, "an employee who has qualified under regulations prescribed by the Secretary (of Treasury) as an interested party for purposes of pursuing administrative remedies within the Internal Revenue Service. (Code Section 7476(b)(1)).
The Treasury regulations implementing the law, however, carry essentially the same language but substitute the phrase "present employee" for "employee," which effectively bars remedies for those who retire and then find the pension plan to violate the law. (Treasury Regulations 1.7476-1(b)(1)). [Emphasis supplied in original.]
With respect to the foregoing, you have asked for an opinion on the following question:
Can an administrative agency of government, even one designated to adopt regulations to carry out a law, narrow an act of Congress in this fashion? If not, what remedy does the aggrieved party have?
Pursuant to 26 U.S.C. § 7476 (1989), the Tax Court has jurisdiction over "actual controversies" involving the initial qualification or continuing qualification of certain retirement plans. Jurisdiction is granted in cases where the Internal Revenue Service ("IRS") has made an unfavorable determination, or no determination, with respect to (1) the initial qualification of a retirement plan or (2) the continuing qualification of a retirement plan where the "controversy" arises as a result of an amendment to, or termination of, the plan or other change in qualification. 26 U.S.C. § 7476(a). An employer, retirement plan administrator, the Pension Benefit Guaranty Corporation, or "an employee who has qualified under regulations prescribed by the Secretary [of the Treasury] as an interested party for purposes of pursuing administrative remedies within the Internal Revenue Service" can file a petition for declaratory judgment in the Tax Court regarding the qualification of a retirement plan. 26 U.S.C. § 7476(b)(1) (section of Code referenced in your correspondence). Such a petition may be filed, however, only upon the exhaustion of administrative remedies available within the IRS and notice to "interested parties."26 U.S.C. § 7476(b)(2) (3).
Pursuant to 26 U.S.C. § 7476(b)(1), the Treasury Department has adopted regulations designating those employees which may petition the Tax Court for a declaratory judgment to reverse an IRS determination (or failure to make a determination) with respect to the initial or continuing qualification of a retirement plan. These regulations, which appear at26 C.F.R. 1.7476-1 (1991) and which were referenced in your correspondence, provide that the following employees qualify as "interested parties" (thus allowing them to bring an action for a declaratory judgment under 26 U.S.C. § 7476(b)(1)): (1) "[a]ll present employees of the employer who are eligible to participate in the plan," and (2) "[a]ll other present employees" of the employer whose principal place of employment is the same as any eligible member of the plan. In your correspondence, you indicate your belief that the foregoing regulation, which utilizes the term "present employees," as opposed to "employees," effectively narrows 26 U.S.C. § 7476(b)(1), as adopted by Congress, and bars retired persons from filing a declaratory action under 7476(b)(1).
The issue of whether retired employees are "interested parties" entitled to file a petition for a declaratory judgment, pursuant to26 U.S.C. § 7476(b)(1), has been addressed by the United States Tax Court in Jones v. Commissioner of Internal Revenue, T.C. Memo. 1980-512, 1980 WL 4338 (U.S. Tax. Ct. 1980). Citing Section 7476(b)(1), providing that a petition may be filed only by one who is "an employee who has qualified under regulations prescribed by the Secretary [of the Treasury] as an interested party . . . .," the Court in Jones stated that the treasury regulations adopted pursuant thereto (which appear at26 C.F.R. 1.7476-1 and refer to "present employees") are "legislative in character and have the force and effect of law unless they clearly violate the statutory provisions, exceed the authority delegated or are unreasonable and arbitrary in their application." As the Court in Jones held that the petitioner was not an "interested party" within the meaning of the Treasury regulations because he was not a present employee (petitioner was retired), the Court apparently construed the "present employees" portion of the Treasury regulation as being consistent with 26 U.S.C. § 7476
(b)(1). Since a court of competent jurisdiction has addressed this issue, it would appear that the answer to the first part of your question is "yes."
It should be noted that if one does not qualify as an "interested party" entitled to file a petition for declaratory judgment under 26 U.S.C. § 7476(b)(1), one can presumably still seek relief in a state court of competent jurisdiction or a United States District Court if he believes that he is not being paid the benefits to which he is entitled under a particular retirement plan. Pursuant to 29 U.S.C. § 1132(a)(1)(B) (1985), a civil action may be brought by a participant or beneficiary to recover benefits due him under the terms of his retirement plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. Concurrent jurisdiction of such cases rests with state courts of competent jurisdiction and district courts of the United States. 29 U.S.C. § 1132(e) (Repl. 1994).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:NAH/cyh
[1] See however 26 C.F.R. 1.7476-1(b)(5) which appears to include retired employees within the term "interested parties" for purposes of filing a petition for declaratory judgment. That subparagraph of the regulation applies, however, only in the case of an application for an advance determination with respect to whether a plan termination affects the continuing qualification of a retirement plan. See also, generally, Hawes v. Commissioner of Internal Revenue, 73 T.C. 916 (U.S. Tax Ct. 1980).